UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.K. and A.O., in their individual capacity and as parents and guardians of minor students, D.O. and J.O., <br><br> Plaintiff, <br> v. <br><br> NOOKSACK VALLEY SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. 2:20-cv-01594-TL <br><br> ORDER OF APPROVAL OF SETTLEMENT |

This matter is before the Court on Plaintiffs' Unopposed Motion for Approval of Minor Settlement. Dkt. No. 56. On November 12, 2021, the Parties informed the Court of a settlement agreement that was reached in the case and moved for the appointment of a settlement guardian *ad litem* (SGAL) to represent the interests of D.O. and J.O. in reviewing the adequacy of the settlement and proposed disposition of their share of the proceeds pursuant to Fed. R. Civ. Proc. 17(c)(2) and LCR 17(c). Dkt. No. 41. The Court granted the motion and appointed Christopher Henderson to act as SGAL, ordering Mr. Henderson to prepare a report and recommendation

ORDER OF APPROVAL OF SETTLEMENT - 1

concerning the settlement. Dkt. No. 45. On April 4, 2022, the Court received Mr. Henderson's report and recommendation ("SGAL Report"). Dkt. No. 53. On April 20, Plaintiff filed this unopposed motion for approval of the settlement on substantially the same terms as recommended in the SGAL Report. Dkt. Nos. 56, 57.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. . . . [including conducting] its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). When considering whether to approve a proposed settlement of federal claims involving minors, the Court must consider whether the settlement is fair and reasonable in light of the facts and specific claims at issue and recoveries in similar cases, but without regard to the fee the adult plaintiffs agreed to pay plaintiff's counsel. *Id.* at 1181-82.

Having reviewed the settlement agreement, the SGAL Report, the unopposed motion and amended proposed order, and the record in this case, the Court APPROVES the settlement on the terms set forth in the SGAL Report and amended proposed order and ORDERS as follows:

1. The Court approves the proposed $400,000 gross settlement on behalf of D.O. and J.O.

2. Finding that the fees and costs incurred by Cedar Law, PLLC, in the amount of $174,599.32 are reasonable, the Court APPROVES these costs and fees to be paid from the $400,000 gross settlement proceeds.

ORDER OF APPROVAL OF SETTLEMENT - 2

3. Cedar Law, PLLC is authorized and directed to distribute the settlement proceeds as follows:

   a. Attorney's fees payable to Cedar Law, PLLC           $140,000.00
   b. Costs to be reimbursed to Cedar Law, PLLC            $34,599.32
   c. Net proceeds payable to E.K.[1]                       $45,080.14
   d. Net proceeds to be placed into individual accounts of equal amounts with Lifetime Advocacy Plus for the benefit of D.O. and J.O.                                    $180,320.54

4. The Court finds that the settlement proceeds shall not be considered to have been received by, to be available to, or to have come into the possession or under the control of D.O. and J.O.

5. Lifetime Advocacy Plus shall serve as Trustee for D.O. and J.O.'s accounts in the Master Pooled Asset Trust. To preserve funds for the benefit of D.O. and J.O., the Court waives any presentation of annual accountings by the Trustee.

6. The Trustee is directed to prepare and deliver Receipts of Deposit of Funds for the settlement proceeds it receives on behalf of D.O. and J.O. to Plaintiffs' counsel and the Settlement Guardian ad Litem **within sixty (60) days** of the entry of this Order. Plaintiffs' counsel shall then file with the Court copies of the Receipts of Deposit **within seventy-five (75) days** of the entry of this Order.

7. The Court finds that D.O. and J.O. have an immediate and ongoing need for improved residential arrangements.

---

[1] Plaintiffs' unopposed motion appears to indicate that this amount should be apportioned to both E.K. and A.O. (*see* Dkt. No. 56 at 1, 3-4), but the amended proposed order indicates that the funds should be apportioned to E.K. only (*see* Dkt. No. 57 at ¶ C). In the SGAL Report, the SGAL noted that it was his "understanding from conferring with Plaintiff's counsel that A.O. has waived apportionment of any of this claim in favor of E.K." Dkt. No. 53 at 8. For this reason, the Court approves the apportionment of these funds to E.K. only, consistent with the amended proposed order and the SGAL's recommendation.

ORDER OF APPROVAL OF SETTLEMENT - 3

8. The Court authorizes and directs the Trustee to make distributions or make any other financial arrangements appropriate to assist with the purchase of a home, supplement rental payments, or make other disbursements or arrangements to finance improved housing conditions in D.O. and J.O.'s interests, above and beyond the basic food and shelter provided by benefits programs and/or as a parental obligation.

9. Specifically, the Trustee is authorized to distribute or loan the funds to effectuate purchase of the home located at 6229 Limerick Way, Maple Falls, Washington, 98266, or a similar home that the Parents find appropriate for their family, provided, however that D.O. and J. O.'s financial interests are protected by an interest in the real property, a secured lending arrangement, or other appropriate protections proposed by the Trustee.

10. The Court authorizes and directs Plaintiff's counsel to enter into any agreements necessary on D.O. and J.O.'s behalf to fulfill the provisions of this order.

11. The Court APPROVES the fees and costs incurred by the SGAL as described in his declaration at Dkt. No. 55 and ORDERS payment of $7,612 be made by Defendants, as agreed to by the Parties, **within sixty (60) days** of entry of this Order without further reducing the settlement proceeds available to D.O. and J.O.

12. The Settlement Guardian ad Litem is discharged upon the filing of the Receipts of Deposit required in Paragraph 6 above.

13. Upon filing of the Receipts of Deposit required in Paragraph 6 above, the Court will enter an order dismissing the action and all claims asserted with prejudice and direct the clerk to close the matter without further action from the Parties.

Dated this 22nd day of April 2022.

							Tana Lin
							United States District Judge

ORDER OF APPROVAL OF SETTLEMENT - 5